1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LANCE KERWIN HENDERSON,

11           Plaintiff,              No. 2:12-cv-1392 EFB P
               vs.
12

13   DISTRICT ATTORNEY'S OFFICE, et al.,

14           Defendants.             ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18   pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local

20   Rules, Appx. A, at (k)(4).

21   **I.       Request to Proceed In Forma Pauperis**

22          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   Dckt. No. 10.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

24   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

25   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26   § 1915(b)(1) and (2).

1

**II.      Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Summary of Complaint's Allegations (Dckt. No. 1)**

In the complaint, plaintiff alleges prosecutorial misconduct and ineffective assistance of counsel based on the conduct of the defendants, prosecutors and an expert witness, who participated in plaintiff's criminal trial.  As relief, plaintiff requests that he be allowed to exculpate himself through DNA testing, and that he be given the chance to present a complete defense to prove his actual innocence.  It is not clear from the allegations whether DNA evidence was available at the time of trial.

**IV.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and for failure to state a claim.

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);  *Muhammad v. Close*, 540 U.S. 749, 751 (2004).  It is implicit in plaintiff's request to "exculpate" himself that his conviction still stands.  Yet in this action, plaintiff requests a chance to present a complete defense and to prove his innocence.  Pursuant to *Heck*, plaintiff may not collaterally challenge his underlying criminal conviction in this civil rights action.

Plaintiff also fails to plead facts sufficient to state a cognizable claim for relief.  In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th

Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Here, plaintiff names a trial witness as a defendant, but does not allege that this defendant was a state actor within the meaning of § 1983.  Plaintiff also fails to allege sufficient facts to support any theory of liability against any of the named defendants.  Plaintiff is hereby informed that while a witness is not "insulated from liability" for all of his conduct, a witness does have absolute immunity from civil liability for his or her testimony, including perjury, and from allegations of conspiracy to commit perjury.  *Paine v. City of Lompoc*, 265 F.3d 975, 981-82 (9th Cir. 2001). Additionally, state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976).

As noted, plaintiff requests DNA testing though this § 1983 action.  To the extent plaintiff makes this request based on an alleged denial of due process, he must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  Here, plaintiff must specifically show that he has a substantive right to post-conviction relief under state law, and that the state's post-conviction relief procedures "are fundamentally inadequate to vindicate" that right.  *See DA's Office v. Osborne*, 557 U.S. 52, 69 (2009) (assuming, without deciding, that such a claim is not *Heck*-barred).  Thus, when a state's procedures for post-conviction relief satisfy recognized principles of fundamental fairness, there is no procedural due process claim to post-conviction access to DNA evidence. *See id.* (also finding that there is no substantive due process right to post-conviction access to DNA

1  evidence); *see also Pickett v. Sacramento Superior Court*, Case No. 2:11-cv-2321 JFM, 2011

2  U.S. Dist. LEXIS 148142, at *4-9 (E.D. Cal. Dec. 22, 2011) (dismissing complaint with leave to

3  amend where plaintiff "failed to allege that Penal Code Section 1405, which provides the method

4  under which a person in prison may seek and obtain DNA evidence, offends some fundamental

5  principle of justice or is fundamentally unfair so as to violate due process").

6         For these reasons, plaintiff's complaint must be dismissed.  Plaintiff will be granted leave

7  to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper

8  defendant, as well as sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*,

9  203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

10  opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

11  file an amended complaint, the amended complaint shall clearly set forth the claims and

12  allegations against each defendant.  Any amended complaint must cure the deficiencies

13  identified above and also adhere to the following requirements:

14         Any amended complaint must be written or typed so that it so that it is complete in itself

15  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

16  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

17  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

18  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

19  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

20  1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

21  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

22  complaints).

23         In an amended complaint, plaintiff must include a complete list of all intended

24  defendants.  Plaintiff must also identify as a defendant only persons who personally participated

25  in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588

26  F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed *in forma pauperis* (Dckt. No. 10) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  August 30, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE