IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE KERWIN HENDERSON,

        Plaintiff,                    No. 2:12-cv-1392 EFB P

    vs.

DISTRICT ATTORNEY'S OFFICE, et al.,

        Defendants.             ORDER
_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed a first and a second amended complaint.

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In the second amended complaint, which supercedes the earlier filed complaints, plaintiff alleges that (1) the prosecutor in his criminal trial violated his right to due process and to a fair trial by failing to give plaintiff access to exculpatory DNA evidence, (2) that the prosecution's expert witness presented unreliable evidence regarding plaintiff's DNA; (3) that plaintiff was provided with ineffective assistance of counsel in violation of the Sixth Amendment; (4) that plaintiff is actually innocent and falsely convicted; and (5) that the state court appointed him an attorney for the purpose of seeking DNA testing pursuant to California Penal Code Section 1405, and that the state courts denied his motions in violation of his right to due process.  Plaintiff seeks post-conviction access to DNA testing to exonerate himself.

For the reasons stated in the court's initial screening order, the second amended complaint must also be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and for failure to state a claim.

As plaintiff is aware, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). It is implicit in plaintiff's amended complaint that his conviction still stands. Yet in this action, plaintiff claims he was denied a fair trial, the right to effective assistance of counsel, and requests a chance to prove his innocence. Pursuant to *Heck*, plaintiff may not collaterally challenge his underlying criminal conviction in this civil rights action.

Plaintiff also claims he was deprived of due process when the state courts denied his request for DNA testing. The court previously informed plaintiff that to proceed on such a claim, he must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). That is, plaintiff must specifically show that he has a substantive right to post-conviction relief under state law, and that the state's post-conviction relief procedures "are fundamentally inadequate to vindicate" that right. *See DA's Office v. Osborne*, 557 U.S. 52, 69 (2009) (assuming, without deciding, that such a claim is not *Heck*-barred). Thus, when a state's procedures for post-conviction relief satisfy recognized principles of fundamental fairness, there is no procedural due process claim to post-conviction access to DNA evidence. *See id.* (also finding that there is no substantive due process right to post-conviction access to DNA evidence); *see also Pickett v. Sacramento Superior Court*, Case

No. 2:11-cv-2321 JFM, 2011 U.S. Dist. LEXIS 148142, at *4-9 (E.D. Cal. Dec. 22, 2011) (dismissing complaint with leave to amend where plaintiff "failed to allege that Penal Code Section 1405, which provides the method under which a person in prison may seek and obtain DNA evidence, offends some fundamental principle of justice or is fundamentally unfair so as to violate due process").  Here, plaintiff fails to plead any facts demonstrating that the state's procedures for post-conviction relief violate recognized principles of fundamental fairness.  Moreover, plaintiff claims he was appointed counsel to pursue his request for DNA testing in state court.  Accordingly, plaintiff fails to correct the deficiencies in this claim.

Despite an opportunity to amend, plaintiff is unable to state a cognizable claim for relief and further leave to amend would be futile.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim.  28 U.S.C. § 1915A(b).

DATED: January 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE